# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 29, 2010

Lyle W. Cayce
Clerk

No. 09-60786
Summary Calendar

BAO CHENG QING,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 939 865

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Bao Cheng Qing, a native and citizen of the People's Republic of China, applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT), based on claimed persecution for supporting Falun Gong, a group that combines mystical tenets with traditional Chinese exercise discipline and is presently banned in China. His application was denied based on the adverse credibility determination of the immigration judge (IJ), which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was upheld by the Board of Immigration Appeals (BIA) when it dismissed Qing's appeal.

As detailed below, Qing contends the record does not support the IJ's and BIA's adverse credibility determinations. This court has authority to review only the order of the BIA unless the underlying decision of the IJ influenced the BIA's decision. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). Because the IJ's findings influenced the BIA's decision to affirm the denial of Qing's application, this court reviews both decisions. *Zhu v. Gonzales*, 493 F.3d 588, 593-94 (5th Cir. 2007).

Qing maintains: he fully explained why he filed an initial false application; his explanation was reasonable enough to overcome any adverse inference; he did *not* present inconsistent evidence; the inconsistencies identified by the IJ and BIA do *not* concern the basis of his claim and are insufficient to sustain an adverse credibility finding; and, the IJ's finding that his demeanor reflected poorly on his credibility should be given little weight because the IJ failed to give a specific description of his demeanor.

An immigration court's findings of fact are reviewed for substantial evidence. *E.g.*, Wang *v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). That an alien is *not* eligible for asylum, withholding of removal, or relief under the CAT are findings of fact reviewed for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005). In other words, an immigration court's factual findings will *not* be reversed unless "the evidence was so compelling that *no* reasonable factfinder could conclude against it". *Wang*, 569 F.3d at 537.

Under the REAL ID Act of 2005, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible". *Id.* at 538 (emphasis in original, internal quotation marks and citation omitted); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii). As stated, we will "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is

2

plain that *no* reasonable fact-finder could make such an adverse credibility ruling". *Wang*, 569 F.3d at 538 (internal quotation marks and citation omitted).

Qing admitted to falsely claiming, in his first application, that he was persecuted for violating the Chinese government's family-planning policy; he claimed he lied because he feared persecution by the Chinese government if he told immigration officials he was persecuted for supporting Falun Gong. The IJ determined reasonably that Qing's explanation was incredible in the light of: the large sum of money ($70,000) he paid to be smuggled into the United States, purportedly because he was persecuted for supporting Falun Gong; his concession that he was already identified by the Chinese government as a Falun Gong supporter.

The adverse credibility finding is also supported by: the IJ's findings that Qing's demeanor reflected poorly on his credibility; Qing offered inconsistent and fabricated testimony and evidence in support of his application; Qing points to no evidence that compels a contrary conclusion, *see id.* at 539-40; and, Qing's assertion that these inconsistencies do *not* concern the basis of his claim and, therefore, do *not* compel an adverse credibility finding is based on the pre-REAL ID Act standard for assessing credibility.

In the light of Qing's false claim in his first application and the other inconsistencies and incredible testimony found by the IJ, it is *not* plain that "no reasonable fact-finder could make such an adverse credibility ruling". *Id.* at 538 (internal quotation marks and citation omitted). Qing's claims (asylum, withholding of removal, and relief under the CAT) were all based on persecution for supporting Falun Gong. Because the credibility determinations of the IJ and BIA withstand review, the decision to deny Qing relief is supported by substantial evidence. *See Zhang*, 432 F.3d at 344-45.

PETITION DENIED.